1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMESY K. DAVIS,

11              Plaintiff,                    No. 2:09-cv-0320-JAM-JFM (PC)

12         vs.

13   RUBEN MARTINEZ, et al.,                  ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.   On July 17, 2009, defendants filed a motion to dismiss pursuant to Fed. R.

18   Civ. P. 12(b)(6).   On March 11, 2009, the court advised plaintiff of the requirements for filing an

19   opposition to a motion to dismiss pursuant to Rule 12 and that failure to oppose such a motion

20   might be deemed a waiver of opposition to the motion.

21              On January 13, 2010, plaintiff was ordered to file an opposition or a statement of

22   non-opposition to the pending motion within twenty days.   In the same order, plaintiff was

23   informed that failure to file an opposition would result in a recommendation that this action be

24   dismissed pursuant to Fed. R. Civ. P. 41(b).   The twenty day period has now expired and plaintiff

25   has not responded to the court's order.

26   /////

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for a year and is only at the initial stage of a Rule 12 motion. Plaintiff's failure to comply with the Local Rules and the court's January 13, 2010 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third

factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, this court will recommend that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).  In light of that recommendations, plaintiff's July 24, 2009 renewed motion for issuance of a subpoena duces tecum will be denied.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's July 24, 2009 motion for issuance of a subpoena duces tecum is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2010.

UNITED STATES MAGISTRATE JUDGE

12
davi0320.46fr

3